# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESSICA DE LA CRUZ, | ) | 1:08cv0782 DLB |
| | ) | |
| Plaintiff, | ) | ORDER REGARDING |
| | ) | PETITION FOR FEES |
| v. | ) | |
| | ) | (Document 24) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on a petition for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), filed on August 14, 2009, by Plaintiff Jessica De La Cruz. The Commissioner filed an opposition on August 28, 2009, arguing that the fee request should be denied because his position throughout the litigation was substantially justified.[1] Plaintiff filed a reply on August 31, 2009.

The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Dennis L. Beck, United States Magistrate Judge.[2]

---

[1] Defendant also opposed Plaintiff's request that the fees be paid directly to her attorney, Lawrence D. Rohlfing. Plaintiff submitted a copy of her Social Security Representation Agreement in which she assigned EAJA fees to Mr. Rohlfing. The argument is therefore moot.

[2] The parties consented to the jurisdiction of the United States Magistrate Judge.

1

**BACKGROUND**

On November 27, 2007, an ALJ determined that Plaintiff was not disabled. This decision was affirmed by the Appeals Council on April 25, 2008.

On June 2, 2008, Plaintiff commenced the instant action. This Court issued an order reversing the decision and remanding for further proceedings on May 28, 2009.

By this motion, Plaintiff seeks a total of $5,853.81 in attorney fees.[3]

**DISCUSSION**

Under the EAJA, a prevailing party will be awarded reasonable attorneys' fees, unless the government demonstrates that its position in the litigation was "substantially justified," or that "special circumstances make an award unjust." 28 U.S.C. § 2412 (d)(1)(A). An award of attorney fees must be reasonable. *Sorenson v. Mink,* 239 F.3d 1140, 1145 (9th Cir. 2001).

Here, the Commissioner opposes the request because he contends that his position throughout the litigation was substantially justified. To show substantial justification for conduct, the Commissioner has the burden of establishing that the conduct had a reasonable basis both in law and fact based on the record of both the underlying government conduct at issue and the totality of circumstances present before and during litigation. *Sampson v. Chater,* 103 F.3d 918, 921 (9th Cir. 1996). The Commissioner is substantially justified if his position met "the traditional reasonableness standard-that is 'justified in substance or in the main,' or 'to a degree that could satisfy a reasonable person.'" *Lewis v. Barnhart,* 281 F.3d 1081, 1083 (9th Cir. 2002) (internal citations omitted). The Supreme Court has explained that "a position can be justified even though it is not correct, and we believe it can be substantially ... justified ... if it has a reasonable basis in law and fact." *Id.* (citing *Pierce v. Underwood,* 487 U.S. 552, 566 n. 2 (1988)). The Commissioner's position must be substantially justified "with respect to the issue on which the court based its remand." *Flores v. Shalala,* 49 F.3d 562, 569 (9th Cir. 1995).

---

[3] Specifically, Plaintiff requests $4,718.80 for 27.3 hours of attorney time at $172.85 per hour and $546.61 for 5.3 hours of paralegal time at $106.53 per hour. Plaintiff also seeks an additional $570.40 for 3.3 hours of attorney time spent in preparation of the reply brief. Defendant does not dispute the reasonableness of the time spent, nor does he dispute the hourly rates.

In this action, the ALJ adopted the contradictory opinion of the consultive examiner over that of Dr. Chauhan, Plaintiff's long-time treating physician. Defendant argued that the ALJ's decision was supported by substantial evidence because (1) it appeared to accommodate Plaintiff's subjective complaints; (2) Dr. Chauhan's more restrictive opinions were unsupported by testing or examination findings showing that Plaintiff experienced a substantial worsening; and (3) Dr. Chauhan provided inconsistent opinions.

In remanding Plaintiff's action, this Court found that the ALJ improperly rejected Dr. Chauhan's opinion in favor of the consultive examiner's opinion. The Court began its analysis with a discussion of *Orn v. Astrue*, 495 F.3d 625 (9th Cir. 2007), where the Ninth Circuit reiterated the weight that should be given to treating physician opinions and set out a clear framework for analyzing physicians' opinions. The Court found:

> Here, Dr. Chang performed the same tests as Dr. Chauhan, with slightly different findings. For example, through April 2005, both Dr. Chang and Dr. Chauhan documented decreased range of motion, tenderness and spasms in Plaintiff's lumbar spine. AR 114, 143, 146-152, 200-203. Both physicians also found that Plaintiff had chronic low back pain problems. Dr. Chang diagnosed Plaintiff with chronic low back pain likely due to mild spinal stenosis. AR 203. Similarly, Dr. Chauhan diagnosed Plaintiff with a lumbar strain with radicular symptoms. AR 143, 146-152. Given the similarity of the tests performed and the diagnoses, the Court cannot conclude that Dr. Chang's findings were based on independent clinical findings.

Order, 18-19.

Based on this analysis, the Court concluded that Dr. Chang's opinion, alone, could not constitute substantial evidence to reject Dr. Chauhan's opinion.

Defendant contends that despite this finding, it cited other reasons to support the ALJ's conclusion.[4] Indeed, Defendant argued that Dr. Chauhan's more restrictive opinion was not supported by examination findings or testing. The Court rejected this argument, finding:

> Moreover, the evidence shows that since Dr. Chang's April 2005, examination, Plaintiff's symptoms continually worsened through July 2007, when Dr. Chauhan imposed the more restrictive lifting limitations. For example, in July, October and November 2005, Plaintiff began experiencing decreased sensation, numbness and tingling in her left leg. AR 243-245. An MRI performed in December 2005 showed deterioration since the MRI performed in September 2001. AR 171-172, 247. In January 2006, Dr. Chauhan documented radiation of Plaintiff's back pain to the left leg, slow gait due to low back

---

[4] Although Defendant suggests otherwise, this Court is well aware that in some instances, a consultive examiner's opinion alone is sufficient to discount the opinion of a treating physician.

3

pain, decreased range of motion in her back and positive straight leg raising on the left. AR 235-238. In April, July and October 2006, Dr. Chauhan documented increased back pain and continued slow gait. AR 231-233. In January 2007, Dr. Chauhan noted that Plaintiff continued to complain of low back pain, as well as sharp pain in her legs, and on examination, she had decreased range of motion in her lumbar spine and positive straight leg raising on the left. AR 230. Finally, in July 2007, Plaintiff walked with a slightly flexed forward posture due to low back pain, range of motion was decreased, straight leg raising was mildly positive and there was slight to moderate paralumbar muscle spasm. Due to her continued symptoms, Dr. Chauhan opined that Plaintiff had permanent restrictions of no lifting, pushing or pulling more than five pounds, no repetitive bending of the back, no repetitive above shoulder level work with both shoulders, no repetitive forceful work with both hands and no prolonged standing and walking. AR 268-271.

Order, 19.

As to Defendant's argument that Dr. Chauhan had provided an inconsistent opinion, the Court agreed that the report was somewhat inconsistent, but concluded that the single inconsistency was not sufficient to reject Dr. Chauhan's July 2007 restrictions. Order, 20.

Finally, insofar as Defendant argues that the ALJ's decision to reject Dr. Chauhan's opinion was also based on his proper rejection of Plaintiff's subjective complaints, the Court's order demonstrates that the specific arguments and reasons behind the subjective complaint analysis were not transferable to the analysis of the opinion evidence.

The Court therefore finds that Defendant's position was not substantially justified. Given the weight afforded to treating physicians as confirmed by *Orn,* Defendant's argument, which did not address *Orn,* was not reasonably based in law. Moreover, Defendant's strained reading of the record in arguing that the evidence did not support Dr. Chauhan's opinion was not reasonably based in fact.

## **ORDER**

Based on the above, the Court GRANTS Plaintiff's petition for EAJA fees. Payment in the amount of $5,853.81 SHALL be made to Plaintiff's counsel, based on Plaintiff's assignment of fees, within 30 (thirty) days of the date of service of this order.

IT IS SO ORDERED.

Dated:   December 1, 2009                         /s/ Dennis L. Beck
                                         UNITED STATES MAGISTRATE JUDGE