# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA DE LA CRUZ, ) | 1:08cv0782 DLB |
| ) | |
| Plaintiff, ) | ORDER REGARDING MOTION |
| ) | FOR ATTORNEY'S FEES |
| vs. ) | |
| ) | (Document 29) |
| MICHAEL J. ASTRUE, ) | |
| ) | |
| Defendant. ) | |

 Petitioner Lawrence D. Rohlfing ("Counsel"), attorney for Plaintiff Jessica De La Cruz, filed the instant Motion for Fees on September 21, 2012.  Counsel requests fees in the amount of $8,100.00 pursuant to 42 U.S.C. § 1383(d).[1]

 Defendant did not file an opposition.

## **BACKGROUND**

 Plaintiff filed this action on June 2, 2008.  On May 28, 2009, the Court granted the appeal and remanded the action for further proceedings.

 On December 2, 2009, the Court awarded attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $5,853.81.

---

[1] 42 U.S.C. § 1383(d) applies to benefits awarded under Title XVI of the Social Security Act.

On July 15, 2010, the Commissioner issued a notice indicating that Plaintiff's retroactive benefits totaled $56,768.00. Exhibit 2, attached to Motion. Counsel received the notice on September 18, 2012, from Melissa Proudian, who represented Plaintiff at the administrative level. Ms. Proudian had received a $6,000.00 award for her prior work. Exhibit 2, attached to Motion; Declaration of Lawrence D. Rohlfing, ¶¶ 3-4.

By this motion, Counsel seeks an award of $8,100.00 for 32.6 hours of attorney time. This amount is less than 25 percent of the past-due benefit award. After crediting $5,853.81 received previously pursuant to the EAJA, Counsel requests a net fee of $2,246.19 from the past-due award.

**DISCUSSION**

This motion is brought pursuant to 42. U.S.C. § 1383(d), which governs fee awards in Title XVI cases. Section 1383 states, in relevant part, that "[t]he provisions of section 406 of this title ... shall apply to this part to the same extent as they apply in the case of subchapter II of this chapter ...." 42 U.S.C. § 1383(d) (2)(A). Accordingly, the Court assesses Counsel's fee request as if it were a request for 406(b) fees.

42 U.S.C. § 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

In *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002), the Supreme Court explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that contingency fee agreements between claimants and their attorneys will "yield reasonable results in particular cases." The Court must respect "the primacy of lawful attorney-client fee agreements," *id*. at 793, "looking first to the contingent-fee agreement, then testing it for

reasonableness." *Id*. at 808; *see also Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009). Agreements are not enforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Gisbrecht*, 535 U.S. at 807. "Within the 25 percent boundary. . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved. *Id*. at 808. Ultimately, an award of section 406(b) fees is offset by an award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.

In *Crawford v. Astrue*, the Ninth Circuit recently suggested factors that a district court should examine under *Gisbrecht* in determining whether the fee was reasonable. In determining whether counsel met their burden to demonstrate that their requested fees were reasonable, the Court noted that (1) no reduction in fees due to substandard performance was warranted, and the evidence suggested that counsels' performance was nothing other than excellent; (2) no reduction in fees for dilatory conduct was warranted, as the attorneys in these cases caused no excessive delay which resulted in an undue accumulation of past-due benefits; and (3) the requested fees, which were significantly lower than the fees bargained for in the contingent-fee agreements, were not excessively large in relation to the benefits achieved and when taking into consideration the risk assumed in these cases. *Crawford*, 586 F.3d at 1151-1152.

Here, there is no indication that a reduction of fees is warranted for substandard performance. Counsel is an experienced, competent attorney who secured a favorable result for Plaintiff. There is no indication that Counsel engaged in any dilatory conduct resulting in excessive delay. Finally, Counsel requests an amount that is less than the 25 percent contingent-

fee that Plaintiff agreed to at the outset of the representation.[2]  Exhibit 1, attached to Motion.  The $8,100.00 fee ($2,246.19 net fee after subtracting the previously awarded EAJA fee) is not excessively large in relation to the past-due award of $56,768.00.  In making this determination, the Court recognizes the contingent nature of this case and Counsel's assumption of the risk of going uncompensated.  *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

Mr. Rohlfing submitted a detailed billing statement in support of this fee request.  Exhibit 4, attached to Motion.

## ORDER

Based on the foregoing, Counsel's section 1383(d) Application is GRANTED in the amount of $8,100.00.  This amount should be payable directly to Counsel.  Upon payment, Counsel is directed to refund $5,853.81 to Plaintiff.

IT IS SO ORDERED.

Dated:   **December 7, 2012**                     /s/ *Dennis L. Beck*
                                                           UNITED STATES MAGISTRATE JUDGE

---

[2]  When added to the $6,000.00 previously received by Ms. Proudian, the total award is equal to 25 percent of the past-due benefit award.  However, the presence of a fee award for administrative work does not displace the separate calculation of 25 percent of past due benefits for court work.  *Clark v. Astrue*, 529 F.3d 1211, 1218 (9th Cir. 2008).